Pedro **PENA**, Petitioner–Appellant,

v.

**D.B. DREW, Warden, FCI Ray Brook,** Respondent–Appellee.

No. 07–1953–pr.

United States Court of Appeals, Second Circuit.

May 15, 2009.

Pedro Pena, pro se.

Charles E. Roberts, Assistant United States Attorney, of Counsel, Paul D. Silver, Assistant United States Attorney, of Counsel, and Glenn T. Suddaby, United States Attorney, United States Attorney's of New York, Syracuse, NY, for Respondent.

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES and SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Pedro Pena, an inmate at the Federal Correctional Institute in Ray Brook, New York, appeals *pro se* from an April 2, 2007 judgment of the district court dismissing his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, in

which he asserts that a prison disciplinary proceeding that led to his loss of forty days of good time credits violated his right to due process of law. On appeal, petitioner presses two arguments. First, he contends that the District Court erred in not addressing the Unit Disciplinary Committee's ("UDC") finding that petitioner had not committed a violation of prison regulations by possessing a weapon. Second, petitioner avers that the prison disciplinary hearing officer ("DHO") did not adequately explain his decision not to follow the UDC's recommendation. We assume the parties' familiarity with the facts and procedural history of the case.

We review *de novo* the District Court's denial of a federal prisoner's petition for a writ of habeas corpus. *See, e.g., Sash v. Zenk,* 428 F.3d 132, 134 (2d Cir.2005). A *de novo* review of the record reveals that the petition was properly dismissed because, as the District Court found, petitioner's disciplinary proceeding satisfied due process requirements. *See Luna v. Pico,* 356 F.3d 481, 487 (2d Cir.2004) ("Inmates are entitled to advance written notice of the charges; a fair and impartial hearing officer; a reasonable opportunity to call witnesses and present documentary evidence; and a written statement of the disposition, including supporting facts and reasons for the action taken.") Additionally, the DHO's decision was based on "some evidence." *See id.* (quoting *Superintendent, Mass. Corr. Inst. at Walpole v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985)).

Petitioner's contention that the DHO was obligated to explain its departure from the UDC's decision is without merit. The Supreme Court has never identified such a requirement, *see Hill,* 472 U.S. at 455, 105 S.Ct. 2768, and the regulations governing the DHO's authority do not mention, much less require, that the DHO take account of the UDC's recommendation in his ultimate decision of accountability. *See* 28 C.F.R. §§ 541.16 (Establishment and functioning of the Discipline Hearing Officer), 541.17 (Procedures before the Discipline Hearing Officer), 541.18 (Dispositions of the Discipline Hearing Officer).

Accordingly, for reasons stated above and in the Decision and Order of Magistrate Judge Peebles dated April 2, 2007, the April 2, 2007 judgment of the District Court is AFFIRMED.